FERN M. STEINER, ESQ.
STATE BAR NO. 118588
SMITH STEINER VANDERPOOL, APC
401 West A Street, Suite 340
San Diego, CA 92101
Telephone: (619) 756-7007
Fax: (619) 501-8194

Attorneys for Respondent/Counter-Claimant
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL NO. 542

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>        Petitioner,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 542,<br><br>        Respondent.<br>_____<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 542,<br><br>        Counter-Claimant,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>        Counter-Respondent.<br>_____ | CASE NO. 18cv1953-AJB-BLM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE ARBITRATION AWARD BY INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 542<br><br>Hon. Anthony J. Battaglia<br>Date: November 29, 2018<br>Time: 2:00 pm<br>Courtroom: 4A |

# TABLE OF CONTENTS

Page

I.   FACTS.................................................. 1

II.  THE ARBITRATOR'S AWARD DRAWS ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT ................. 7

III. THE PARTIES GAVE THE ARBITRATOR THE AUTHORITY TO DECIDE THE ISSUE AND TO RULE UPON THAT ISSUE. ....... 12

IV. THE ARBITRATION AWARD DOES NOT VIOLATE PUBLIC POLICY................................................ 12

V.   CONCLUSION.......................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                       **Page**

Alyeska Pipeline Co. v. Wilderness Society,
421 U.S. 240, 247, 258-9 (1974).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Eastern Associated Coal v. United Mine Workers, 531 U.S. 57 (2000). . . . . 12-14

General Drivers v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789 (1963). . . . . . . . . . . . . 8

International Union of Petroleum and Industrial Workers v. Western
Industrial Maintenance Corp, 707 F.2d at 425 (9th Cir, 1983). . . . . . . . . . . . . . . 15

N.F. & M. Corp. v. United Steelworkers of America,
524 F.2d 756, 760 (3rd Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Paperworkers v Misco, Inc. 484 U.S. 29, 38 (1987).. . . . . . . . . . . . . . . . . . . . 12-14

Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas,
578 F.2d 250, 251 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

S. Cal. Gas Co. v. Util. Workers Union, Local 132,
(9th Cir. 2001) 265 F3d 787.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sheet Metal Workers v. Madison Industries, 84 F3d 1186 (9th Cir., 1996). . . . . 15

United Steelworkers of America v. Enterprise Wheel Corporation,
363 U.S. 593 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

W.R. Grace and Co. v. Rubbers Workers Local 759,
461 U.S. 757, 103 S.Ct. 2177 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Zayas v. Bacardi Corporation, 524 F 3d 65 (1st Cir. 2008).. . . . . . . . . . . . . . . . . 10

**Arbitration Decisions**

City of Kenosha, 76 LA 758, 759 (McCrary, 1981). . . . . . . . . . . . . . . . . . . . . . . 10

Gulf States Paper Corp., 97 Lab Arb 61, 62 (1991) (Welch, Arb.). . . . . . . . . . . 10

United International Investigative Services 114 LA 620, 626
(Maxwell, 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**Other Authorities**

How Arbitration Works, Elkouri and Elkouri, Eighth Edition,
(2016) and the 2017 Supplement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**Federal Statutes**

9 U.S.C. §10.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

9 U.S.C. §12.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. §185. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**State Statutes**

California Code of Civil Procedure §1285. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1    This Memorandum of Points and Authorities is filed by Respondent/Counter-Claimant INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 542 ("Local 542") in support of its Motion to Enforce the Arbitration Award dated May 21, 2018 issued by Arbitrator David Hart.  The Arbitration Award decided the grievance filed by Local 542 with the Petitioner/Counter-Respondent COSTCO WHOLESALE CORPORATION ("Costco") relating to the termination of James Diaz ("Diaz"). (A copy of the Decision is attached to the Declaration of Michael West ("West") as Exhibit 10).

Costco has sued to vacate the labor arbitration award.  Local 542 has counter-claimed to enforce the labor arbitration award.  Costco and Local 542 make their motions pursuant to Section 301 of the Labor Management Relations Act, as amended [29 U.S.C. §185] and the California Arbitration Act ("CAA"), California Code of Civil Procedure section 1285 *et seq.*  Costco also asserts the Federal Arbitration Act, 9 U.S.C. §§10 and 12.

It is the position of Local 542 that the award should be enforced because: it draws its essence from the collective bargaining agreement; the parties granted the arbitrator authority to interpret the collective bargaining agreement; the parties granted the arbitrator the authority to determine whether the employer had just cause to terminate Diaz; the arbitrator acted within his contractually delegated authority and within the authority delegated to him by the parties at the arbitration when he determined and applied the arbitral doctrine of double jeopardy as an issue of fundamental fairness as guaranteed by the contractual requirement of "just cause" for discipline; and the arbitration award does not violate public policy.

**I.    FACTS**

Costco operates retail/wholesale warehouses, including a Costco warehouse in Carlsbad, California. Local 542, is a labor organization.  Local 542 represents a bargaining unit of employees working at Costco's facility located in Carlsbad, California.

1    Local 542 and Costco are parties to a statewide collective bargaining
2 agreement which is effective from February 1, 2016 to January 31, 2019 ("CBA").
3 (A true and correct copy of the applicable provisions from the collective bargaining
4 agreement is attached to the Declaration of West as Exhibit 1.)

5    Article IV of the CBA - Discharge, section (a), Right to Discharge provides:
>  It is mutually agreed that the Employer reserves the right to discharge any employee for sufficient and proper cause. Sufficient and proper cause for discharging an employee shall include but is not limited to theft, gross insubordination, intoxication, possession of or working under the influence of illegal/dangerous drugs/substances and/or narcotics, in the employee's system above the minimum levels determined by a N.I.D.A. or S.A.M.S.H.A. approved facility corresponding to D.O.T. standards, refusal or continued failure to observe posted or issued Company rules or procedures, or actions endangering the safety of others.
>
> ...
>
> The Employer shall have the option to give an Employee an immediate investigatory suspension for a maximum of three (3) of the employee's scheduled worked days, not including the day the investigatory suspension is issued, (not to exceed seven (7) calendar days) following the employee's notification of the suspension for violation of a major offense which would normally result in immediate termination as described in the Company Rules and Regulations, until the Employer has decided what final action is to be taken as a result of the violation.
>
> ...
>
> The Employer reserves the right to issue unpaid disciplinary suspensions for up to ten (10) working days for violations that would normally result in termination, in extraordinary circumstances....

  The Company Rules and Regulations appear in the CBA at p. 107-111. (Ex.1) The violations alleged by Costco against Diaz were "major offenses." The Company Rules and Regulations provide on p 109:

> Major Offenses
>
> The following are examples of what may be termed Major Offenses. These are willful and/or deliberate violations of safety rules or Company rules to such a degree that continued employment is not desirable. Discharge will be the normal action taken. However, a written warning or a disciplinary suspension could be used if there are mitigating circumstances, such as a long service employee with an excellent previous record....

  Article VI of the CBA - Settlement of Disputes provides for a grievance and arbitration procedure to settle disputes with the final step being a Board of Adjustment consisting of two union panel members from Teamsters Locals other than that presenting the grievance, two Costco panel members from Costco locations other than that involved in the grievance and a neutral Arbitrator. If the party panel members deadlock, the Arbitrator will make the decision. Article VI - Settlement Disputes Arbitration provides in Section (a), Exclusive Remedy, that "The grievance procedure provided herein shall be the exclusive means except as limited by law...." Article VI section 4: Arbitration provides in Section (d) Final and Binding: "The award shall be final and binding upon all parties per sub-section (a) of this Article."

  Procedures have been developed pursuant to Article VI, Step 2(c) by the parties for the Board of Adjustment. (A true and correct copy of the Board of Adjustment Procedures is attached to Declaration of West as Exhibit 2).

  A dispute arose between Costco and LOCAL 542 concerning the termination of James Diaz ("Diaz") for violation of Costco's Drug and Alcohol Free Workplace #9 "Bringing Liquor, Narcotics, or dangerous drugs into the Company premises or consuming liquor or dangerous drugs on company premises or reporting for duty

1  under the influence of liquor, narcotics, or dangerous drug" and #24: "Failure to fully
2  cooperate in a Company Investigation."

3      Diaz on November 12, 2017 was issued an Employee Corrective Consultation
4  placing him on "a 3 day unpaid *disciplinary* suspension" for violation of Costco's
5  Drug and Alcohol Free Workplace #9 "Bringing Liquor, Narcotics, or dangerous
6  drugs into the Company premises or consuming liquor or dangerous drugs on
7  company premises or reporting for duty under the influence of liquor, narcotics, or
8  dangerous drug" and #24: "Failure to fully cooperate in a Company Investigation."
9  (Emphasis added. ) (A true and correct copy of the Employee Correction Consultation
10 is attached to the Declaration of West as Exhibit 3). The Employee Corrective
11 Consultation was given to Diaz by Assistant General Manger for the Carlsbad Costco
12 warehouse, Scott Olson ("Olson"). Olson read the Employee Corrective Consultation
13 to Diaz verbatim.  Michael West ("West"), Local 542 business representative
14 responsible for the Carlsbad Costco warehouse, was present with Diaz when he was
15 issued the Employee Corrective Consultation.  (Declaration of West ¶5)  Diaz was
16 entitled under the CBA to grieve his disciplinary suspension, but he did not do so.
17 Diaz served his suspension.

18     Diaz on November 16, 2017 was terminated by Costco for violation of
19 Costco's Drug and Alcohol Free Workplace #9 "Bringing Liquor, Narcotics, or
20 dangerous drugs into the Company premises or consuming liquor or dangerous drugs
21 on company premises or reporting for duty under the influence of liquor, narcotics,
22 or dangerous drug" and #24: "Failure to fully cooperate in a Company Investigation."
23 (A true and correct copy of the Termination/Resignation Form is attached to the
24 Declaration of West as Exhibit 4). The basis for the termination was the same stated
25 violations as for the suspension.

26     Diaz grieved his termination pursuant to the Settlement of Disputes provision
27 of the CBA stating that the article and/or section of contract violated was "Article 4
28 and all that may apply" and he grieved his "unjust termination."  (A true and correct

1  copy of the Grievance Report is attached to the Declaration of Michael West as
2  Exhibit 5). Article 4 as noted above provides that the Employer has the right to
3  discharge an employee for "sufficient and proper cause."
4      Costco and Local 542 were unable to resolve the grievance concerning Diaz's
5  termination.  The parties convened a Board of Adjustment to hear the dispute.
6  Arbitrator David Hart ("Hart") was the mutually selected neutral arbitrator on the
7  Board of Adjustment. The Costco panel members were Rob LeMay and Pat Gaffney.
8  The Union panel members were Cliff Batham and Kelli Pitpit. (Declaration of West
9  ¶12)
10      The dispute was heard by the Board of Adjustment on May 2, 2018.  The sole
11  issue raised by Local 542 at the hearing was whether there was double jeopardy in
12  violation of the just or proper cause provision of CBA in the disciplinary suspension
13  and then termination of Diaz for the same reasons and with no change in facts
14  between the suspension determination and the termination determination.
15  (Declaration of West ¶13)
16      At the Board of Adjustment hearing, West attempted to have the Employee
17  Corrective Consultation (Ex. 3) redacted to remove the reasons, but the Arbitrator
18  denied that request and the entire document was put into evidence.  The Costco
19  representative presenting the case, Fletcher Evans, started to introduce evidence
20  related to the alleged drug possession and dealing, but West stated the Union was not
21  contesting the violation of the two rules.  This admission obviated the need for
22  testimony about what in fact occurred.  What in fact occurred was not relevant to the
23  issue of double jeopardy.  (Declaration of West ¶14)
24      While the panel members deliberate the neutral Arbitrator does not participate
25  in the deliberations.  During the Diaz hearing, while the panel members were
26  deliberating, Hart asked to meet with West, Diaz and the other union representative
27  attending the hearing, Nicole Moreno.  Hart, told Diaz that he wanted him to take a
28  serious look at an offer of $6,000 to resolve this matter. Hart left and Diaz declined

the offer. West assumed that Costco had offered $6,000 to settle. $3,000 had been offered by Costco during the grievance process. (Declaration of West ¶16)

The party panel members deadlocked which resulted in Hart being the determiner of the dispute as the neutral Arbitrator. Under the procedures Hart had 30 days to issue his Decision. Hart indicated that he was holding the decision while he did some legal research. (Declaration of West ¶17) On May 17, 2018 West sent Hart an e-mail about sending his arbitration payment and asking about the decision because decisions usually issued in one week. Hart responded still seeking to mediate a deal. West responded on May 18th with his discomfort at Hart's efforts to which Hart responded that "An arbitrator is allowed to mediate and I have done that with Costco and Teamsters multiple times...." and still seeking to mediate a deal. (A true and correct copy of the e-mail chain is attached to the Declaration of West as Ex. 7) (Declaration of West ¶19)

Hart on May 21, 2018 sent an e-mail to the parties:

> The above named grievant prevails in his grievance. The Union's arguments as to double jeopardy were correct Union remedy is adopted.
> So that I can look at myself in the mirror, my resignation is effective today.
> David B. Hart....

A true and correct copy of the e-mail from Hart is attached to the Declaration of West as Exhibit 8). (Declaration of West ¶20)

West requested that Hart "scan a copy of your decision to myself, Labor Relations, and Cliff on the original decision document that was provided...." A true and correct copy the e-mail to Hart is attached to the Declaration of West as Exhibit 9) (West Declaration ¶21). Hart e-mailed the Board of Adjustment Decision form as required by the Board of Adjustment policies (Ex.10). The Decision states:

///

///

> The panel has deadlocked, and has passed the determing [sic] vote to the Arbitrator for resolution." Hart wrote: "Double Jeopardy was proved by preponderance of evidence presented. Employee to be made whole."

The four panel members and Hart signed the decision. (Declaration of West ¶22 )

Article VI Section 4(h) of the CBA provides that "...Monetary awards issued from a Board of Adjustment or Arbitration shall be paid to the Awardee(s) within thirty (30) days of the issuance of such Board or Arbitration decision." West, requested that Costco comply with the Arbitrator's Decision and reinstate Diaz and make him whole. Costco declined to do so, other than paying Diaz 160 hours between May 14, 2018 and June 24, 2018 and sued to vacate the Arbitrator's Award. (Declaration of West ¶23)

Since May 21, 2018, other than the payment of 160 hours between May 14, 2018 and June 24, 2018, Costco has refused to comply with the Arbitrator decision of Arbitrator David Hart. Costco has refused to reinstate Diaz and to make him whole as to wages and benefits as awarded. (Declaration of West ¶24)

## II. THE ARBITRATOR'S AWARD DRAWS ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT

The general rule in cases of this nature was announced by the United States Supreme Court in United Steelworkers of America v. Enterprise Wheel Corporation, 363 U.S. 593 (1960):

> The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts have the final say on the merits of the award. Id. at 596.

The arbitrator's award must be upheld so long as it "draws its essence" from the collective bargaining agreement." Id. at 597. In W.R. Grace and Co. v. Rubbers
///

Workers Local 759, 461 U.S. 757, 103 S.Ct. 2177 (1983), the Supreme Court reaffirmed this holding.

In enforcing an arbitrator's award, it is irrelevant as to whether the court agrees with the application and interpretation of the collective bargaining agreement. N.F. & M. Corp. v. United Steelworkers of America, 524 F.2d 756, 760 (3rd Cir. 1975). So long as the award is not arbitrary, capricious, or incapable of being understood by a reasonable person, the award must be enforced. In short, where the arbitrator's award draws its essence from the collective bargaining agreement, the award must be enforced. Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas, 578 F.2d 250, 251 (9th Cir. 1978). An enforceable award is not open to the courts to reweigh the merits of the grievance. General Drivers v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789 (1963).

The parties arbitrated the Diaz dispute in accordance with Article VI of their CBA which dictates that the Arbitrator's award "shall be final and binding upon the parties." Article IV of the CBA provides: "It is mutually agreed that the Employer reserves the right to discharge any employee for sufficient and proper cause." Costco was found to have violated this provision of the CBA by terminating Diaz without sufficient and proper cause because the Arbitrator found that Local 542 had proven that there was double jeopardy. This was because Costco issued a "disciplinary" suspension as the CBA provides Costco can for Major Offenses and then terminating Diaz for the same facts and Major Offenses. The Arbitrator's award draws its essence from the collective bargaining agreement, and therefore should be confirmed by and made a judgment of this Court.

Costco argues that the arbitrator's award does not draw its essence from the CBA because the Arbitrator imposed the concept of double jeopardy against the plain language of the CBA noting that double jeopardy does not appear in the CBA. Costco is correct that those words do not appear in the CBA, just as other factors considered by arbitrators such length of service, work record, remorse, industrial due

process, are not stated in the CBA in determining just or proper cause, but the CBA requires Costco to terminate employees for "sufficient and proper cause." The Arbitrator determines whether in fact there is sufficient and proper cause. The CBA lists Major Offenses for which termination or a disciplinary suspension can be issued without progressive discipline steps. The Arbitrator decides if there is sufficient and proper cause for the disciplinary suspension or termination.

The concept of double jeopardy is considered in labor arbitrations as part of industrial due process and the concept of just or proper cause. It is recognized in the leading treatise on Labor Arbitration, <u>How Arbitration Works</u>, Elkouri and Elkouri, Eighth Edition, (2016) and the 2017 Supplement (A true and correct copy of the relevant portion of <u>How Arbitration Works</u> is attached to the Declaration of Fern M. Steiner as Ex. A)

The concept of double jeopardy is that:
> Once discipline for a given offense is imposed and accepted, it cannot thereafter be increased, nor may another punishment be imposed, lest the employee be unfairly subjected to "double jeopardy"...The double jeopardy doctrine also prohibits employers from attempting to impose multiple punishments for what is essentially a single act. The arbitral concept of "double jeopardy has been explained as follows:
>> The key to this arbitral [double jeopardy] doctrine is not the Constitution but rather fundamental fairness, as guaranteed by the contractual requirement of "just cause" for discipline. Thus when an employee has suffered a suspension for an offense it would be unfair...to fire him before he has committed a second offense.

<u>How Arbitration Works</u> p.15-65-15-66. (Ex A) citing to the decision in <u>United International Investigative Services</u> 114 LA 620,626 (Maxwell, 2000). (A true and correct copy of the <u>United International</u> arbitration decision is attached to the Declaration of Steiner as Ex. B) West put into evidence the double jeopardy portion

of How Arbitration Works as an exhibit in the arbitration hearing. (A true and correct copy of the arbitration exhibit is attached to the Declaration of West as Exhibit 11). (West Declaration ¶26)

"In Industrial Relations, the doctrine of double jeopardy means that if an employee is punished for a specific act, he is entitled to disregard such punishment as final for that particular misconduct." City of Kenosha, 76 LA 758, 759 (McCrary, 1981); United International Investigative Services 114 LA 620, 626 (Maxwell, 2000). (A true and correct copy of the City of Kenosha arbitration decisions is attached to the Declaration of Steiner as Exhibit C).

Costco in its moving papers cites to Zayas v. Bacardi Corporation, 524 F 3d 65 (1st Cir. 2008). In that case, involving the possible falsification of time records, the suspension was clearly an investigative suspension. The Court found double jeopardy to be a recognized concept in determining industrial due process:

> The doctrine of industrial due process enshrines the idea that an employee should not be penalized twice for the same infraction. See e.g, Gulf States Paper Corp., 97 Lab Arb 61, 62 (1991) (Welch, Arb.)

The court however disagreed that a violation of the doctrine occurred because the suspension was investigatory. This decision is consistent with the argument made by Local 542 and with the Arbitration Decision of Hart.

Local 542 agrees that an investigatory suspension is permitted under the CBA and that double jeopardy would not attach to an investigatory suspension. Local 542 agrees that Costco could have placed Diaz on an investigatory suspension for 3 days pending termination based upon the facts. However, as noted above, the CBA contemplates investigatory and disciplinary suspensions can be issued for Major Offenses. Costco could have issued an investigatory suspension, but it did not do so. It issued a "disciplinary" suspension. Diaz accepted the disciplinary suspension. When Costco then terminated Diaz for the same facts and offenses with no change
///

in facts or offenses, double jeopardy occurred and the Arbitrator correctly ruled that it had been proven.

Costco has issued Employee Corrective Consultations for investigatory suspensions or suspensions pending possible termination. (True and correct copies of some examples are attached to the Declaration of West with the employee names and signatures redacted as Exhibit 12. Copies of unredacted documents will be produced if the Court requests them.) Unlike the suspensions where it is clear that the suspension is "investigatory" and/or "pending termination," the Employee Corrective Consultation for Diaz states only that it is a "disciplinary suspension." There is no qualifier to the suspension. Further, the statement "James will report to the Warehouse Manager on Thursday 11/16/17 at 2:45 pm to discuss his future at Costco Wholesale," does not change the fact that Diaz was issued a disciplinary suspension. Costco uses this terminology on its forms when it issues set suspensions such as for attendance as demonstrated by one of the Employee Corrective Consultations in Exhibit 12 attached to the Declaration of West which is a three day suspension for attendance.

While Costco will argue that Diaz should have known it was an investigatory suspension or he could be terminated, Diaz was entitled to rely on what the Employer wrote which was read verbatim to him in the meeting. There was no further discussion of the Employee Corrective Consultation and even if Costco tried argue that there was, the written words are clear. (Declaration of West ¶5) The CBA provides for both investigatory and disciplinary suspensions and Costco made its choice a disciplinary suspension. Diaz is not required to try to guess what Costco meant. He was entitled to rely upon the Employee Corrective Consultation.

The Decision of the Arbitrator draws its essence from the CBA in that it determines whether Costco had sufficient and proper cause to terminate Diaz. The Arbitrator determined Costco did not because it had issued a disciplinary suspension as permitted under the CBA for the facts and offenses charged and then issued a

termination for the same facts and offenses. The Arbitrator determined that Local 542 had proven by a preponderance of evidence double jeopardy. The Arbitrator ordered that Diaz be made whole, reinstated and paid backpay and benefits.

It is understood that there can be a difference of opinion as to whether reinstatement because of double jeopardy or termination is the appropriate remedy, but the parties bargained for an arbitration process and agreed to have Arbitrator Hart make that decision and provide a remedy. He did so. Even if the Court believes that Hart made a serious error, that is not sufficient to overturn his decision. Paperworkers v Misco, Inc. 484 U.S. 29, 38 (1987).

### III. THE PARTIES GAVE THE ARBITRATOR THE AUTHORITY TO DECIDE THE ISSUE AND TO RULE UPON THAT ISSUE

The Decision notes the issue to be "Was this a case of a 'double jeopardy'? If so what is the remedy." That is the issue determined by the Arbitrator. The remedy sought was "Returned to work, and be made whole in every aspect." The determination was "Double jeopardy was proved by preponderance of the evident presented. Employee to be made whole." (Ex.10) The Decision on its face shows that the Arbitrator was given the authority by the parties and acted upon that authority.

The parties gave the Board of Adjustment and Arbitrator Hart the authority to decide whether Costco had proper and sufficient cause and in particular to decide whether double jeopardy attached. The Arbitrator acted within his authority.

### IV. THE ARBITRATION AWARD DOES NOT VIOLATE PUBLIC POLICY

Costco will contend that the Arbitrator's Decision violates public policy. It is assumed that it is so claiming because the Decision reinstates someone they contend had sold drugs and had drugs on Costco property. The Arbitrator did not have to reach this issue having found that Costco had issued a disciplinary suspension for the conduct which was not challenged and not the subject of the arbitration. The Supreme Court in Eastern Associated Coal v. United Mine Workers, 531 U.S. 57

(2000) held that an arbitrator's award reinstating a truck driver who had twice tested positive for marijuana did not violate public policy. The arbitration award was enforced.

In order for a contractual reinstatement requirement to fall within the legal exception that makes it unenforceable as contrary to public policy, the public policy must be explicit, well defined and dominant and it must be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. The Court in Eastern Associated Coal, 531 U.S. at p. 63, stated that the question to be decided was not whether the drug use itself violates public policy, but whether reinstatement does so. The Court noted that there is no law or regulation that requires termination for an employee in a safety sensitive position such as a truck driver who tests positive. The law requires temporary removal from the safety sensitive position, but it does not require termination.

There is no public policy that prevents the reinstatement of Diaz. There is no DOT policy and there is no law that says a drug user or even a drug seller must be terminated. There is no regulation or law that presents an "explicit," "well defined," "dominant" public policy to which the arbitrator's decision runs contrary. Misco, supra 484 U.S. at 43.

In S. Cal. Gas Co. v. Util. Workers Union, Local 132, (9th Cir. 2001) 265 F3d 787 the Ninth Circuit citing to Misco and Eastern, stated "the court's inquiry is not whether drug use in a safety-sensitive position violates some public policy, but whether [the employees] reinstatement pursuant to the arbitration award contravenes some explicit, well defined, and dominant public policy." S Cal Gas 265 F3d at 795. In this case the arbitrator was reluctant to find for the grievants who had tested positive for drugs, but the testing procedures were defective. S. Cal Gas Co. 265 F3d at 794. The Court noted the dissent's concern over employing confirmed drug users in safety-sensitive positions, but it stated that:

///

> The arbitrator found that Daniel and Wilson were entitled to return to work because the random drug tests which led to their discharge were invalid under those government-mandated procedures. "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Misco*, 484 US at 37-38. Furthermore, the arbitrator's award does not violate any explicit, well-defined, and dominant public policy."

S. Cal Gas 265 F3d at 797.

The arbitrator's decision does not violate public policy.

## V.    CONCLUSION

Local 542 is entitled to have the award enforced. Diaz should be reinstated, and paid backpay, and benefits. The employer is entitled to offset backpay by interim earnings and unemployment. Local 542 is entitled to have the award enforced because:

(a) The arbitration award draws its essence from the collective bargaining agreement;

(b) The parties granted the arbitrator authority to interpret the collective bargaining agreement;

(c) The parties granted the arbitrator the authority to determine whether the employer had just cause to terminate Diaz, which he decided;

(d) The arbitrator acted within his contractually delegated authority and within his authority delegated to him by the parties at the arbitration; and

(e) The arbitration award does not violate public policy.

Local 542 is also entitled to attorneys' fees. Petitioner is entitled to an award of attorneys' fees under an exception to the "American Rule" because Costco acted in bad faith, vexatiously, or for wanton or oppressive reasons, Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 247, 258-9 (1974). An unjustified refusal to

abide by an arbitrator's award may equate to an act taken in bad faith, vexatiously or for oppressive reasons. <u>International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance Corp</u>, 707 F.2d at 425 (9th Cir, 1983); <u>Sheet Metal Workers v. Madison Industries</u>, 84 F3d 1186 (9th Cir., 1996). In this case, Costco was unjustified in refusing to reinstate Diaz.

DATED: September 19, 2018          SMITH STEINER VANDERPOOL, APC

                                              BY:   /s FERN M. STEINER
                                                      Fern M. Steiner
                                                      Email: fsteiner@ssvwlaw.com
                                                      Attorneys for Respondent/
                                                      Counter-Claimant INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Local NO. 542